IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALFRED GRAYSON,

        Plaintiff,                    No. CIV S-06-2130 DFL CMK P

   vs.

C/O SMITH, et al.,

        Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments shall be

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.
3  § 1915(b)(2).
4          The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
6  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
7  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may
8  be granted, or that seek monetary relief from a defendant who is immune from such relief.  28
9  U.S.C. § 1915A(b)(1),(2).
10          A claim is legally frivolous when it lacks an arguable basis either in law or in
11  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-
12  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
13  indisputably meritless legal theory or where the factual contentions are clearly baseless.
14  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however
15  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d
16  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.
17          A complaint, or portion thereof, should only be dismissed for failure to state a
18  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
19  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
20  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
21  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
22  complaint under this standard, the court must accept as true the allegations of the complaint in
23  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
24  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
25  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
26          Plaintiff names the following defendants: Smith, Correctional Officer; Sgt Oberst;

1 Lt. S.L. Chapman; R.E. Barnes; D.L. Porter; N. Grannis; and Director, California Dept. of
2 Corrections.  The gist of plaintiff's complaint appears to be that defendant Smith confiscated
3 items of personal property from plaintiff without due process.  Plaintiff alleges that defendants
4 Barnes, Porter and Chapman denied his prison grievances regarding the confiscated property.

5      Deprivation of property without due process may state a cognizable civil rights
6 claim. However, defendant Smith is the only defendant who is linked to the alleged due process
7 violation.  To the extent that plaintiff alleges that defendants Barnes, Porter and Chapman denied
8 his prison grievances, plaintiff has not stated a cognizable claim for relief.  The Ninth Circuit has
9 stated that inmates have no legitimate claim of entitlement to a prison grievance procedure.  See
10 Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

11      A plaintiff must connect the named defendants clearly with the claimed denial of
12 his rights.  Farmer v. Brennan, 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate
13 indifference to assault requires that official know of and disregard an "excessive risk"); Taylor v.
14 List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only upon a
15 showing of personal participation by the defendant (citation omitted) . . . [t]here is no respondeat
16 superior liability under section 1983."); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th Cir. 1978)
17 (discussing "requisite causal connection" in section 1983 cases between named defendant and
18 claimed injury);  Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525
19 U.S. 1154 (1999) ("A plaintiff must allege facts, not simply conclusions, that show that an
20 individual was personally involved in the deprivation of his civil rights.").   The court cannot
21 determine from the complaint what role, if any, any of the named defendants N. Grannis, Oberst
22 and Director, California Department of Corrections played in the alleged deprivation of
23 plaintiff's rights.

24      The court will, however, grant leave to file an amended complaint to correct the
25 aforementioned deficiencies.  Any amended complaint should not include claims against
26 defendants for failure to properly process or to grant prison grievances.  The court is also not

3

sure why plaintiff attached a copy of his habeas petition to this civil rights action. Plaintiff is advised that a civil rights proceeding is entirely separate from any habeas action he has filed.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an

1  amended complaint that complies with the requirements of the Civil Rights Act, the Federal
2  Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the
3  docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file
4  an original and two copies of the amended complaint; failure to file an amended complaint in
5  accordance with this order will result in a recommendation that this action be dismissed.

7  DATED:  November 9, 2006.

                                              **CRAIG M. KELLISON**
                                              UNITED STATES MAGISTRATE JUDGE