**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALFRED GRAYSON, | No. CIV S-06-2130-RRB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| SMITH, | |
| Defendant. | |
| _____/ | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion to dismiss (Doc. 20). Plaintiff has not filed any opposition to the motion.

Plaintiff's complaint contends that defendant Smith confiscated several items of property from plaintiff, which plaintiff was authorized to have, without due process.[1] Defendant contends that plaintiff has failed to state a claim because he fails to allege facts sufficient to demonstrate a violation of any constitutional or statutory right since California has an adequate post-deprivation remedy.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural

---

[1] The court previously found that plaintiff's other claims failed to state a cognizable claim because his other claims related to the prison grievance system, and inmates have no legitimate claim of entitlement to a prison grievance procedure. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

1

requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful post deprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized. The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq. Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.

Based on the foregoing, the undersigned recommends that defendant's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 26, 2007

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE